1  **James M. Dore - State Bar No. 343860**
2  JUSTICIA LABORAL, LLC
3  6232 N. Pulaski Rd. Suite 300, Chicago, IL 60646
4  P: (773) 415-4898; E: jdore@justicialaboral.com
5  *Attorneys for Plaintiff*
6
7  **IN THE UNITED STATES DISTRICT COURT**
8  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9
10  OSCAR RENE ORELLANA IZAGUIRRE,
11
12                                            Case No: 3:23-cv-316
13
14              Plaintiff,                    Complaint for Declaratory Relief and
15                                            Monetary Damages for Violations of: (1)
16                                            FLSA 29 CFR 778.223 (2) Cal. Labor Code –
17                                            Overtime Wages; (2) Cal. Wage Order 7 (3)
18                                            Cal. Labor Code – Waiting Time Penalties;
19                                            (4) Cal. Unfair Competition Law Violations;
20                                            (5) Cal. Labor Code - Rest and Lunch Break
21                                            Violations; and (6) Cal. Labor Code – Wage
22                                            Statement Violations (7) Cal. Labor Code
23                                            28.63
24  PROSPER BUILDERS, INC.,
25  QUOC K. TRUONG AND
26  THAI TRUONG
27  ,
28                                            DEMAND FOR JURY TRIAL
29
30              Defendants.
31
32              **NATURE OF THIS ACTION**
33
34      1. This is an action for relief from Defendants' PROSPER BUILDERS, INC. ("Defendant"
35  or "Prosper"), QUOCK K. TRUONG ("Defendant" or "QUOC"), and THAI TRUONG
36  ("Defendant" or "Thai") violations of Plaintiff OSCAR RENE ORELLANA IZAGUIRRE's
37  ("Plaintiff") workplace rights.  Prosper and Truong may collectively be referred to as Defendants.
38  Defendants violated state wage and hour laws, against Plaintiff.
39
40      2. This is an action brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29
41  U.S.C. § 201, *et seq.*, California Labor Code, and the Unfair Competition Law, to obtain relief for
42  Plaintiff.
43
44      3. This action is brought by Plaintiff to secure declaratory relief and damages to remedy
45  Defendants' violations of federal, state, and local employment laws by failing to adequately
46  compensate Plaintiff for the hours he worked, and to secure declaratory, compensatory, and
47  punitive damages under federal and state employment laws.

48
49                              **JURISDICTION AND VENUE**
50
51        4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and
52  Section 16(b) of the FLSA.
53
54        5. This Court has supplemental jurisdiction over the related state law and local ordinance
55  claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under the California Labor Code,
56  and the Unfair Competition Law, form part of the same case or controversy under Article III of
57  the United States Constitution. Plaintiff's state law claims share all common operative facts with
58  her/his federal law claims, and the parties are identical.  Resolving all state and federal claims in
59  a single action serves the interests of judicial economy, convenience, and fairness to the parties.
60
61        6. Pursuant to 28 U.S.C. § 1391(b) and Civil Local Rule 3-2(d), venue is proper in the
62  Northern District of California because Plaintiff resides in this District, Defendants reside in and
63  employed Plaintiff in this District, and the unlawful employment practices alleged herein giving
64  rise to Plaintiff's claims occurred in this District.
65
66                                    **PARTIES**
67
68        7. Plaintiff OSCAR RENE ORELLANA IZAGUIRRE is a current resident of San Jose,
69  California.
70
71        8.  Defendants Prosper is a business in the state of California. It provides construction and
72  landscaping services for commercial and residential properties. At all times relevant herein
73  Defendants were Plaintiff's employer covered by the FLSA, the California Labor Code Industrial
74  Welfare Commission Wage Order 5 ("Wage Order 5"), and Industrial Welfare Commission
75  Minimum Wage Order MW-2007 ("General Minimum Wage Order").
76
77        9. Defendant QUOC K. TRUONG is, on information and belief, an adult resident of San
78  Jose, California. Defendant QUOC K. TRUONG was, during the relevant time period, a member
79  and/or manager and/or Chief Executive Officer of Defendant Prosper.  At all times relevant
80  herein Defendant Prosper was Plaintiff's employer covered by the FLSA, California Labor Code,
81  Wage Order 5, General Minimum Wage Order. Plaintiff is informed and believes that Defendant
82  QUOC K. TRUONG is a joint employer, working as a joint enterprise with and/or the alter ego
83  of Entity Defendants. Defendant QUOC K. TRUONG controls and is intimately involved in the
84  day-to- day operations of Entity Defendants and both determined and instituted the unlawful
85  wage and hour violations alleged herein. Defendant QUOC K. TRUONG has violated or caused
86  to be violated the provisions of Wage Order 5 regulating minimum wages and/or hours and days
87  of work as well as Labor Code §§ 203, 226, and 1194.  As such, he is personally liable for the Wage
88  Order and Labor Code violations cited above pursuant to Labor Code § 558.1.
89
90        10. Defendant THAI TRUONG is, on information and belief, an adult resident of San Jose,
91  California. Defendant THAI TRUONG was, during the relevant time period, a member and/or
92  manager and/or Chief Executive Officer of Defendant Prosper.  At all times relevant herein
93  Defendant Prosper was Plaintiff's employer covered by the FLSA, California Labor Code, Wage
94  Order 5, General Minimum Wage Order. Plaintiff is informed and believes that Defendant THAI

TRUONG is a joint employer, working as a joint enterprise with and/or the alter ego of Entity Defendants. Defendant THAI TRUONG controls and is intimately involved in the day-to- day operations of Entity Defendants and both determined and instituted the unlawful wage and hour violations alleged herein. Defendant THAI TRUONG has violated or caused to be violated the provisions of Wage Order 5 regulating minimum wages and/or hours and days of work as well as Labor Code §§ 203, 226, and 1194.  As such, he is personally liable for the Wage Order and Labor Code violations cited above pursuant to Labor Code § 558.1.

11. Plaintiff is informed and believes, and thereon alleges, that Defendants each acting as agents and/or employers and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.  Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are agents of each other.

**STATEMENT OF FACTS**

12.  Plaintiff worked for Defendants as a driver and general laborer from approximately July 2022 to September 15, 2022.

13.  When Defendants hired Plaintiff, Defendants did not present or require Plaintiff to sign an employment contract.

14. Defendant QUOC K. TRUONG was Plaintiff's supervisor throughout the entirety of his employment.

15. Defendant THAI TRUONG was Plaintiff's supervisor throughout the entirety of his employment.

16.  During his employment, despite working approximately ten (10) hours per day, seven (7) days per week, Plaintiff was not paid the minimum wages required by law including cash wages, for the hours he worked.

17. Defendants required Plaintiff, a non-exempt employee, to work at rates, that are below the state and federal minimum wage.

18. Defendants willfully, intentionally, and with reckless disregard denied Plaintiff all the wages to which s/he was entitled under the FLSA, state law, and/or any local ordinance.

**FIRST CLAIM FOR RELIEF**
**Failure to Pay Minimum Wage for Overtime Hours in Violation of FLSA**

19. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

20.    The FLSA applied to Plaintiff's employment with Defendants at all times relevant herein.

21.     Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), mandates that employers pay all employees engaged in commerce or in the production of goods for commerce, minimum wages for their work in an amount set by federal law.  Section 218 of the FLSA, 29 U.S.C. § 218(a), provides that employers pay such minimum wages as established by state law, should it be higher than the federal minimum.  During the relevant time period the federal minimum wage was $7.25.

22.     For a substantial time during his employment, Plaintiff was not paid the required minimum Wages. Defendants failed to maintain proper and accurate records as mandated by the FLSA. Upon information and belief, Defendants have not preserved any records of Plaintiff's wage calculations showing deductions from wages paid on a weekly basis.

23.  Plaintiff began working for Defendants in or before July 15, 2022, until September 15, 2022.

24.  At all times, Plaintiff was a driver and performed general labor for Defendants. Plaintiff was an "employee" of Defendants at the term is used in Section 203 of the FLSA because he was employed by Defendants to perform general labor; s/he does not fall within any of the exceptions of workers in the FLSA.

25. Although schedules are subject to change, Plaintiff's general schedule with Defendants Required Plaintiff to work 70 hours per week.

26. Plaintiff was paid his wages on a daily basis; he was paid $1,200,00 per week, or $17.14 per hour until the end of his employment.

27. Plaintiff's wages were not paid based on the number of jobs performed or completes, nor was it based on the quality of efficiency of his performance.

28. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work over forty (40) hours per week.

29. Defendants willfully, intentionally, and with reckless disregard failed to pay Plaintiff the minimum wage for all his/her hours worked in violation of the FLSA.

30.     Because of Defendants' unlawful failure and refusal to pay Plaintiff minimum wages, Plaintiff is entitled, pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), to recover her unpaid minimum wages, including interest and liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

31.  Plaintiff is entitled to recover unpaid minimum wages and liquidated damages for the 3 Years Prior to filing of this lawsuit. On information and belief, this amount includes: (i) $2,056.80 in unpaid minimum overtime wages; (ii) liquidated damages of $2,056.80; and (iii) Plaintiff's attorney's Fees and costs, to be determined.

**SECOND CLAIM FOR RELIEF**
**Violation of Cal. Lab. Code 1194 and Wage Order 5 - Failure to Pay Overtime Wages**

189
190     32. The allegations of each of the preceding paragraphs are realleged and incorporated
191     herein by reference.
192
193     33. California Labor Code Section 1194(a) provides:
194
195     "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the
196     legal minimum wage or the legal overtime compensation applicable to the employee is entitled
197     to recover in a civil action the unpaid balance of the full amount of this minimum wage or
198     overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."
199
200     Further, Wage Order 5, Section 3(A)(1) provides:
201
202     "The following overtime provisions are applicable to employees 18 years of age or over and to
203     employees 16 or 17 years of age who are not required by law to attend school and are not
204     otherwise prohibited by law from engaging in the subject work. Such employees shall not be
205     employed more than eight (8) hours in any workday or more than 40 hours in any workweek
206     unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for
207     all hours worked over 40 hours in the workweek.   Eight (8) hours of labor constitutes a day's
208     work. Employment beyond eight (8) hours in any workday or more than six (6) days in any
209     workweek is permissible provided the employee is compensated for such overtime at not less
210     than:
211
212     (a) One and one-half (1.5) times the employee's regular rate of pay for all hours worked in
213     excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first
214     eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and
215
216     (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in
217     any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive
218     day of work in a workweek.
219
220     (c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried
221     employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40)
222     of the employee's weekly salary.
223
224     34.  Defendants failed to pay the legal overtime compensation applicable to Plaintiff.
225
226     35. Labor Code § 558.1(a) provides for liability for an "other person acting on behalf of an
227     employer[] who violates, or causes to be violated, any provision regulating minimum wages or
228     hours and days of work in any order of the Industrial Welfare Commission or [Labor Code]
229     Section[. . . ] 1194."" Labor Code § 558.1(b) provides that an "other person" is "a natural person
230     who is an owner, director, officer, or managing agent" of an employer
231
232     36. On information and belief, Defendant QUOC K TRUONG is and was, at relevant
233     times, an owner, director, officer, or managing agent of Defendants Prosper and violated or
234     caused to be violated the provisions regulating minimum wages or hours and days of work in

235 Wage Order 5 and Labor Code § 1194. Therefore, Defendant QUOC K. TRUONG is individually
236 liable for these violations.
237
238     37. On information and belief, Defendant THAI TRUONG is and was, at relevant times,
239 an owner, director, officer, or managing agent of Defendants Prosper and violated or caused to
240 be violated the provisions regulating minimum wages or hours and days of work in Wage Order
241 5 and Labor Code § 1194. Therefore, Defendant THAI TRUONG is individually liable for these
242 violations.
243
244     38.  Plaintiff is entitled to recover unpaid overtime wages, plus interest, for the 3 Years
245 Prior to filing of this lawsuit. On information and belief, this amount includes: (i) $2,056.80 in
246 unpaid overtime wages; (ii) interest; and (iii) Plaintiff's attorney's Fees and costs, to be
247 determined.
248
249                         **THIRD CLAIM FOR RELIEF**
250         **Failure to Pay Minimum Wage in Violation of FLSA**
251
252     39. The allegations of each of the preceding paragraphs are realleged and incorporated
253 herein by reference.
254
255     40. For all of his work, Defendants had agreed to pay Plaintiff $1,200.00 per week (8 full
256 weeks and two partial week weeks).  For the last 10 weeks of work, Defendants in fact paid $300
257 to Plaintiff for Plaintiff's work.  The effective hourly rate for the period referred to above is less
258 than the minimum wage per hour required by law.
259
260     41.  Defendants failed to pay Plaintiff his earned wages of $9,831.00 and instead paid him
261 $0 per hour for this period; Defendants failed to pay Plaintiff the legal minimum wage.
262
263     42.  Plaintiff is entitled to recover unpaid minimum wages, plus liquidated damages, for
264 the 3 Years Prior to filing of this lawsuit. On information and belief, this amount includes: (i)
265 $9,831.00 in regular unpaid minimum wages; (ii) liquidated damages in the amount of $9.831.00;
266 and (iii) Plaintiff's attorney's Fees and costs, to be determined.
267
268                         **FOURTH CLAIM FOR RELIEF**
269 **Violation of Cal. Lab. Code 1194 and Wage Order 5 - Failure to Pay Minimum Wages**
270
271     43. The allegations of each of the preceding paragraphs are realleged and incorporated
272 herein by reference.
273
274     44. California Labor Code Section 1194(a) provides:
275
276 "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the
277 legal minimum wage or the legal overtime compensation applicable to the employee is entitled
278 to recover in a civil action the unpaid balance of the full amount of this minimum wage or
279 overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."
280
281     Further Wage Order 5, Section 4(B) provides:

282
283     "Minimum Wages.  Every employer shall pay to each employee, on the established payday for
284 the period involved, not less than the applicable minimum wage for all hours worked in the
285 payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."
286
287     45.  California Labor Code Section 1194.2(a) provides:
288
289 "In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment
290 of a wage less than the minimum wage fixed by an order of the commission or by statute, an
291 employee shall be entitled to recover liquidated damages in an amount equal to the wages
292 unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to
293 authorize the recovery of liquidated damages for failure to pay overtime compensation. A suit
294 may be filed for liquidated damages at any time before the expiration of the statute of limitations
295 on an action for wages from which the liquidated damages arise."
296
297     46. For all of his work, Defendants agreed to pay Plaintiff $10,131.34 ($1,200 per week).
298
299     47.  For all of his work, Defendants in fact paid $300 to Plaintiff for Plaintiff's work.
300
301     48.  The effective hourly rate for the period referred to above is $0 per hour.
302
303     49.  Defendants failed to pay Plaintiff his earned wages of $9,831.00 and instead paid him
304 $0 per hour for this period; Defendants failed to pay Plaintiff the legal minimum wage.
305
306     50. Labor Code § 558.1(a) provides for liability for an "other person acting on behalf of an
307 employer[] who violates, or causes to be violated, any provision regulating minimum wages or
308 hours and days of work in any order of the Industrial Welfare Commission or [Labor Code]
309 Section[. . . ] 1194."" Labor Code § 558.1(b) provides that an "other person" is "a natural person
310 who is an owner, director, officer, or managing agent" of an employer
311
312     51. On information and belief, Defendant QUOC K. TRUONG is and was, at relevant
313 times, an owner, director, officer, or managing agent of Defendants Prosper and violated or
314 caused to be violated the provisions regulating minimum wages or hours and days of work in
315 Wage Order 5 and Labor Code § 1194. Therefore, Defendant QUOC is individually liable for these
316 violations.
317
318     52. On information and belief, Defendant THAI TRUONG is and was, at relevant times,
319 an owner, director, officer, or managing agent of Defendants Prosper and violated or caused to
320 be violated the provisions regulating minimum wages or hours and days of work in Wage Order
321 5 and Labor Code § 1194. Therefore, Defendant THAI is individually liable for these violations
322
323     53.  Plaintiff is entitled to recover unpaid minimum wages, plus liquidated damages, for
324 the 3 Years Prior to filing of this lawsuit. On information and belief, this amount includes: (i)
325 $9,831.00 in regular unpaid minimum wages; (ii) liquidated damages in the amount of $9,831.00;
326 and (iii) interest on the owed wages; and (iv) Plaintiff's attorney's Fees and costs, to be
327 determined.
328

329        **FIFTH CLAIM FOR RELIEF**
330 **Waiting Time Penalties in Violation of the California Labor Code**
331
332        54. The allegations of each of the preceding paragraphs are realleged and incorporated
333 herein by reference.
334
335        55. The California Labor Code applied to Plaintiff's employment with Defendants at all
336 times relevant herein.
337
338        56. California Labor Code Section 203 provides:
339
340 "If an employer willfully fails to pay, without abatement or reduction, in accordance with
341 Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is
342 discharged or who quits, the wages of the employee shall continue as a penalty from the due date
343 thereof at the same rate until paid or until an action therefor is commenced; but the wages shall
344 not continue for more than 30 days."
345
346        57. Plaintiff's last day of work was in September 2022.
347
348        58.   Defendants willfully failed to pay Plaintiff her/his wages due after Plaintiff's
349 employment with Defendants terminated.
350
351        59. California Labor Code §§ 201 and 202 mandates that an employer pay its employees
352 all earned wages immediately upon discharge or within 72 hours of the employee's resignation.
353 California Labor Code § 203 authorizes an employee to recover waiting time penalties in an
354 amount equal to the employee's daily wages for up to thirty (30) days if an employer willfully
355 fails to pay any wages earned and due to the employee within the timeframes required by Labor
356 Code §§ 201 and 202.
357
358        60.   At all relevant times during his employment, Defendants willfully failed to pay
359 Plaintiff all minimum, overtime, and/or double-time wages due as set forth in the California
360 Labor Code and Wage Order.  Defendants willfully failed to pay Plaintiff all wages owed to her
361 immediately upon her discharge, and such earned wages remain unpaid, in violation of the Labor
362 Code. Plaintiff has repeatedly demanded that Defendants pay her owed wages, verbally and in
363 writing.   To date Defendants have willfully and intentionally refused, and continue to refuse, to
364 pay Plaintiff her/his owed wages in violation of the California Labor Code.
365
366        61.   Pursuant to California Labor Code § 203, Plaintiff is entitled to waiting time
367 penalties in an amount equal to thirty (30) days' wages, in the amount of $4,800.00, plus attorneys
368 fees and costs, and interest.
369
370        **SIXTH CLAIM FOR RELIEF**
371 **Violations of California Business and Professions Code - Unfair Competition Law**
372
373        62.   The allegations of each of the preceding paragraphs are realleged and
374 incorporated herein by reference.
375

8

63. At all times relevant herein through Defendants' acts and omissions alleged herein, Defendants committed unlawful acts that violated Business and Professions Code §§ 17200 et seq.

64. Defendants' unlawful acts included violating the California Labor Code, Wage Order 5, and General Minimum Wage Order, as alleged herein, including Labor Code §§ 1194, 201-3, 1197.5, 226, and 1185.

65. Defendants' violations of these statutes, regulations, and ordinances independently and separately constitute an unlawful business practice within the meaning of Business and Professions Code §§ 17200 et seq.

66. As a result of the aforementioned acts, Plaintiff has lost and continues to lose money or property, and has suffered and continues to suffer injury in fact.

67. Plaintiff is entitled to restitution pursuant to Business and Professions Code §§ 17203 and 17208 for, among other things, all unpaid wages, and interest since four (4) years prior to filing of the Complaint.

68. Plaintiff is informed and believes, and based upon such information and belief alleges, that by engaging in the unfair and unlawful business practices complained of herein, Defendants lowered their labor costs and thereby obtained a competitive advantage over law-abiding employers with which they compete.

69. Plaintiff takes upon herself the enforcement of the aforementioned laws and lawful claims. Enforcement of California's laws is in the public interest. There is a financial burden incurred in pursuing this action. Plaintiff therefore seeks recovery of attorney's fees as provided by Code of Civil Procedure § 1021.5.

70. Plaintiff is entitled to restitution in the amounts unlawfully withheld by Defendants, with interest; and an award of attorneys' fees and costs. Plaintiff is entitled to recover restitution in an amount of at least $, with interest, attorney's fees and costs, and interest.

## SEVENTH CLAIM FOR RELIEF
**Violations of California Labor Code - Failure to Authorize and Permit Paid Rest Periods or Pay Missed Rest Period Premiums - Cal. Labor Code §§ 226.2 and 226.7; IWC Wage Order No. 4-2001 § 12**

71. Labor Code § 226.2(a)(1) states that "employees shall be compensated for rest and recovery periods…. separate from any piece-rate compensation."

72. Wage Order No. 4-2001 § 12(A) provides:

"Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total

daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

73.    California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

74. During the relevant period, Plaintiff regularly worked more than 11 consecutive hours in a workday.  However, Defendants did not compensate them for their time spent on rest breaks separately and apart from the regular rate, as required under Labor Code § 226.2.

75.  Defendant also regularly failed to authorize and permit Plaintiff to take paid off-duty rest breaks by requiring him/her to remain available for work at all times during his work day, in violation of Wage Order No. 4-2001 § 12.

76.    As a result of Defendant's policies and practices, Plaintiff was not authorized and permitted to take compliant rest breaks or meal breaks, and is entitled to recover one additional hour of pay at the employee's regular rate of compensation for each instance in which Defendants failed to authorize and permit him to take paid rest periods as required under Labor Code § 226.7 and Wage Order No. 4-2001 § 12.

77.  Working 10 hour days, Plaintiff was entitled to 2 rest breaks and 2 meal break; Defendants failed to provide Plaintiff these meal and rest breaks.

78.  Plaintiff is entitled to 1 hour of regular pay, for each of Defendants' violations of California's rest break and meal break laws, for the three years prior to this complaint.  Plaintiff is entitled to  $3,993.62 in damages.

## EIGHTH CLAIM FOR RELIEF

### Failure to Issue Accurate Itemized Wage Statements [Labor Code §§ 226(a), (e); 226.2]

79.  Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

80. During the Wage Statement Subclass Period, Defendant failed to provide Plaintiff and Class Members with accurate itemized wage statements in violation of Labor Code § 226(a) by failing to list on the wage statements (1) gross wages earned, (2) total hours worked, (3) net wages earned, and (4) all applicable hourly rate in effect during the pay period, and the corresponding number of hours worked at each hourly rate, in violation of Labor Code §§ 226(a)(1), (2), (5), and (9).

81.    Defendant also failed to itemize the total number of hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period; and the total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period, as required under Labor Code § 226.2.

469    82.  Wage Statement Subclass Members suffered injury as a result of Defendant's knowing
470    and intentional failure to comply with Labor Code § 226(a).
471
472    83.  The California Labor Code §§ 226(e)(1) provides:
473
474    "An employee suffering injury as a result of a knowing and intentional failure by an employer to
475    comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars
476    ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per
477    employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of
478    four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."
479
480    84.    As a result of Defendant's knowing and intentional violations of Labor Code §
481    226(a) described above, Wage Statement Subclass Members are entitled to recover an initial
482    penalty of $50, and subsequent penalties of $100, for each incomplete and/or inaccurate wage
483    statement issued to them, up to an amount not exceeding an aggregate penalty of $4,000 for each
484    Wage Statement Subclass Member, pursuant to Labor Code § 226(e).
485
486    85.  Plaintiff, on behalf of herself and all other Wage Statement Subclass Members,
487    requests relief as described below.
488
489                    **DECLARATORY RELIEF ALLEGATIONS**
490
491    86.  The allegations of each of the preceding paragraphs are realleged and incorporated
492    herein by reference.
493
494    87.    A present and actual controversy exists between Plaintiff and Defendants
495    concerning their rights and respective duties. Plaintiff contends that Defendants violated his/her
496    rights under the FLSA, California Labor Code, California Business and Professional Code, and
497    the Wage Order 5, General Minimum Wage Order.  Plaintiff is informed and believes and thereon
498    alleges that Defendants deny any liability. Plaintiff seeks a judicial declaration of the rights and
499    duties of the respective parties. Declaratory relief is therefore necessary and appropriate.
500
501    88.    Plaintiff has suffered injury in fact and has lost money as a result of Defendants'
502    unlawful and unfair business practices and acts, and is therefore authorized to pursue injunctive
503    relief against Defendants that is necessary to prevent further unfair business practices and acts.
504
505    89.    Defendants acted or failed to act as herein alleged with malice or reckless
506    disregard to the protected rights of Plaintiff, and Plaintiff is thus entitled to recover punitive
507    damages in an amount to be determined according to proof.
508
509                        **PRAYER FOR RELIEF**
510
511    **WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment against
512    Defendants as follows:
513

1.      A declaratory judgment that Defendants' actions complained of herein have violated Plaintiff's rights under the FLSA, the California Labor Code, California Business and Professional Code, and the Wage Order 5, General Minimum Wage Order;

2.      Unpaid minimum wages, unpaid wages at regular hourly rate, overtime premium wages, and other compensation denied or lost to Plaintiff to date by reason of Defendants' unlawful acts, according to proof;

3.      Liquidated damages in an amount equal to minimum wages unlawfully unpaid;

4.      Liquidated damages in an amount equal to overtime wages unlawfully unpaid;

5.      Waiting time penalties under Labor Code § 203 for failure to pay wages due upon separation, according to proof;

6.      General, compensatory, and special damages according to proof;

7.      Exemplary and punitive damages according to proof; and

8.      Interest accrued on Plaintiff's damages, including pre- and post-judgment interest, and an upward adjustment for inflation, under Labor Code § 218.6;

9.      Reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216 (b), Labor Code § 1194 (a), Cal. Code of Civ. Proc. § 1021.5, and other laws;

10.     Such other and further relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil Procedure.


                                   /s/ James M. Dore
_____

                                   **James M. Dore - State Bar No. 343860**
                                   JUSTICIA LABORAL, LLC.
                                   *Attorneys for Plaintiff*
                                   6232 N. Pulaski Rd. Suite 300, Chicago, IL 60646
                                   P: (773) 415-4898; E: jdore@justicialaboral.com