UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RENE ORELLANA IZAGUIRRE,<br><br>Plaintiff,<br><br>v.<br><br>PROSPER BUILDERS, INC., et al.,<br><br>Defendants. | Case No. 23-cv-00316-SVK<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 26 |

On January 23, 2023, Plaintiff Oscar Rene Orellana Izaguirre filed a complaint against Defendants Prosper Builders, Inc., Quoc K. Truong, and Thai Truong, alleging that Defendants violated various wage and hour laws. Dkt. 1. The Clerk of Court issued a summons on January 24, 2023, but the summons was returned unexecuted as to each of the three Defendants on February 28, 2023. Dkt. 5, 8, 9, 10.

On April 5, 2023, Plaintiff filed a motion for extension of time to serve Defendant Prosper Builders. Dkt. 14. The motion indicated that the individual Defendants, Quoc K. Truong and Thai Truong, had been served on March 22, 2023. *Id.* ¶ 2; Dkt. 14-1; *see also* Dkt. 16, 17.

On April 13, 2023, the Court granted Plaintiff's motion for an extension of time to effectuate service of process on Defendant Prosper Builders and Plaintiff's motion to serve that company through the California Secretary of State. Dkt. 18, 19. Plaintiff subsequently filed a proof of service indicating that Prosper Builders had been served through the California Secretary of State on April 19, 2023. Dkt. 22.

None of the Defendants filed a response to the Complaint by the applicable deadlines. On June 19, 2023, Plaintiff requested entry of default against all Defendants, and the Clerk of Court entered default against all Defendants on June 21, 2023. Dkt. 23, 24. The Court subsequently set a deadline of August 4, 2023 for Plaintiff to file a motion for default judgment. Dkt. 25.

Now before the Court is Plaintiff's timely-filed motion for default judgment against all Defendants. Dkt. 26. No opposition to the motion for default judgment was filed by the

applicable deadline.  For the reasons discussed below, Plaintiff's motion for default judgment is **DENIED** without prejudice to Plaintiff's ability to file a renewed motion for default judgment based on a more complete legal and evidentiary showing.

I.      **LEGAL STANDARD**

After entry of default, a court may, in its discretion, enter default judgment.  *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Before entering default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested.  *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013).  The Court must also determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant.  *Id.* at *3-4.

If these requirements are met, "[t]he district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making its determination a court should consider: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Upon default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)

II.     **DISCUSSION**

     A.      **Service and Jurisdiction**

As discussed above, "[i]n deciding whether to grant or deny default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is requested because, if service were improper, that may well explain the failure of a defendant to appear in a lawsuit*." Folkmanis, Inc. v. Uptown Toys LLC*, No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018) (internal quotation marks and citation omitted).

Plaintiff's motion for default judgment states that Defendant Prosper Builders was served through the California Secretary of State, as authorized by the Court. Dkt. 26 ¶ 2. The motion also states that Defendants Thai Truong and Quoc K. Truong were served via substitute service. *Id.* ¶¶ 3-4. Rule 4(e) of the Federal Rules of Civil Procedure sets forth several methods of service. An individual defendant may be served by: (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). Alternatively, an individual defendant may be served with process pursuant to the law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Under California law, individual defendants may be served by several means, including personal delivery of the summons and complaint to the individual or the individual's authorized agent. Cal. Code Civ. Proc. §§ 415.10, 416.90.

Under California law, substitute service is permitted only "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . " Cal. Code Civ. Proc. § 415.20(b). By contrast, Federal Rule of Civil Procedure 4(e)(2)(B), which permits substitute service, "does not contain a reasonable diligence requirement." *Trustlabs, Inc. v. An*, No. 21-cv-2505-CRB, 2021 WL 312595, at *2 n.2 (July 23, 2021).

The proofs of service filed by Plaintiff state that the individual Defendants were served by substitute service and by mail. Dkt.16, 17. The proofs of service do not include a showing of reasonable diligence. *Id.* The Court cannot conclude on the present record that service was proper because Plaintiff does not specify which law(s) authorized service in the manner made.

Moreover, the proofs of service state that copies of the summons and complaint were left with or in the presence of "Thuy Truong," who is identified as "sister/occupant," and also mailed to the following address: 8206 Split Rail Way, Sacramento, CA 95829. *Id.* Elsewhere in the record, Plaintiff identifies this as the home address of the individual Defendants, who are principals of Defendant Prosper Builders. Dkt. 14 ¶5. However, Sacramento is located in the

3

Eastern District of California, whereas the Complaint in this action states that venue in the Northern District is proper because Defendants reside in this District. Dkt. 1 ¶ 6.[1]

In any renewed motion for default judgment, Plaintiff must address these deficiencies and inconsistencies by providing additional evidence establishing that the individual Defendants were served at the correct address by an authorized method of service. Moreover, any renewed motion must establish that the Court has personal jurisdiction over the Defendants and that venue in this District is proper.

### B.  *Eitel* Factors

Having discussed the threshold requirements of service and jurisdiction, the Court must next consider the *Eitel* factors set forth above in section I. Plaintiff has provided a calculation of his claimed damages, which may be relevant to the fourth *Eitel* factor concerning the amount of money at stake, but has otherwise failed to specifically address the *Eitel* factors in his motion for default judgment. *See* Dkt. 26.

### III. CONCLUSION

For the foregoing reasons, the Court exercises its discretion to **DENY** Plaintiff's motion for default judgment because Plaintiff fails to establish that service on the individual Defendants was proper, fails to address the Court's personal jurisdiction over Defendants, and fails to address all of the *Eitel* factors. This denial is without prejudice to Plaintiff's ability to file a renewed motion for default judgment that addresses the deficiencies identified in this order by **September 11, 2023.**

**SO ORDERED.**

Dated: August 10, 2023

SUSAN VAN KEULEN
United States Magistrate Judge

---

[1] The original summons for each Defendant, all which were returned unexecuted, show an effort to serve each of the Defendants at an address on Bahama Way in San Jose, California, which is in this District. Dkt. 8-10. Other portions of the record indicate that the San Jose address was, at least at one time, listed as the business address of Defendant Prosper Builders. Dkt. 12.

4