UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RENE ORELLANA IZAGUIRRE,<br><br>Plaintiff,<br><br>v.<br><br>PROSPER BUILDERS, INC., et al.,<br><br>Defendants. | Case No. 23-cv-00316-SVK<br><br>**ORDER TO SUBMIT ADDITIONAL INFORMATION IN SUPPORT OF RENEWED MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 30 |

The Court requires additional information for its evaluation of Plaintiff's renewed motion for default judgment (Dkt. 30). Accordingly, by **December 8, 2023,** Plaintiff must submit a supplemental declaration and additional information as follows:

1. The Complaint refers to various amounts paid to Plaintiff in connection with his employment with Defendants. *See, e.g.,* Dkt. 1 (Complaint) ¶ 26 ("Plaintiff was paid his wages on a daily basis; he was paid $1,200,00 per week, or $17.14 per hour until the end of his employment."); *id.* ¶ 40 ("For all his work, Defendants had agreed to pay Plaintiff $1,200.00 per week [8 full weeks and two partial … weeks]. For the last 10 weeks of work, Defendants in fact paid $300 to Plaintiff for Plaintiff's work."); *id.* at Ex. A (chart showing wages of $300 paid for the week of 9/4/2022). The chart submitted with Plaintiff's renewed motion for default judgment (Dkt. 30) does not disclose what, if any, amounts were paid by Defendants to Plaintiff. Plaintiff's supplemental declaration must identify all wages paid by Defendants to Plaintiff. Together with the supplemental declaration of Plaintiff, Plaintiff must provide a chart that contains at least the following information:

| **Work week (e.g., 7/17/22)** | **Total Hours Worked** | **Wages Paid** |
|---|---|---|

////

2. Plaintiff claims wages owed for rest and meal break violations, but his declaration simply asserts a legal conclusion that he is owed for such violations. Neither his declaration nor Exhibit B to his declaration attest to the number of work days on which rest and meal break violations occurred. *See* Dkt. 30 at Ex. B. That information must be included in Plaintiff's supplemental declaration.

3. Similarly, Plaintiff's declaration asserts a legal conclusion that he is owed $4,000.00 for wage statement violations. Dkt. 30 at PDF p. 9 (¶ 10). His declaration does not attest that Defendants failed to provide him with wage statements as required under the California Labor Code. The section of the Complaint concerning wage statement violations appears to be cut and pasted from a separate case involving a class action. *See* Dkt. 1 ¶¶ 80-85. Under these circumstances, Plaintiff's supplemental declaration must contain facts establishing that wage statement violations occurred.

**SO ORDERED.**

Dated: November 17, 2023

_Susan van Keulen_
SUSAN VAN KEULEN
United States Magistrate Judge