UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RENE ORELLANA IZAGUIRRE,<br><br>Plaintiff,<br><br>v.<br><br>PROSPER BUILDERS, INC., et al.,<br><br>Defendants. | Case No. 23-cv-00316-SVK<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 30 |

On January 23, 2023, Plaintiff Oscar Rene Orellana Izaguirre filed a complaint against Defendants Prosper Builders, Inc., Quoc K. Truong, and Thai Truong, alleging that Defendants violated various wage and hour laws. Dkt. 1. The Clerk of Court issued a summons on January 24, 2023, but the summons was returned unexecuted as to each of the three Defendants on February 28, 2023. Dkt. 5, 8, 9, 10.

On April 5, 2023, Plaintiff filed a motion for extension of time to serve Defendant Prosper Builders. Dkt. 14. The motion indicated that the individual Defendants, Quoc K. Truong and Thai Truong, had been served on March 22, 2023. *Id.* ¶ 2; Dkt. 14-1; *see also* Dkt. 16, 17.

On April 13, 2023, the Court granted Plaintiff's motion for an extension of time to effectuate service of process on Defendant Prosper Builders and motion to serve the company through the California Secretary of State. Dkt. 18, 19. Plaintiff subsequently filed a proof of service indicating that Prosper Builders had been served through the California Secretary of State on April 19, 2023. Dkt. 22.

None of the Defendants filed a response to the Complaint by the applicable deadlines. On June 19, 2023, Plaintiff requested entry of default against all Defendants, and the Clerk of Court entered default against all Defendants on June 21, 2023. Dkt. 23, 24. The Court

1   subsequently set a deadline of August 4, 2023 for Plaintiff to file a motion for default judgment.
2   Dkt. 25.
3         On July 26, 2023, Plaintiff filed a motion for default judgment against all Defendants.
4   Dkt. 26.  No opposition to the motion for default judgment was filed by the applicable deadline.
5   On August 10, 2023, the Court issued an order denying Plaintiff's motion for default judgment
6   without prejudice.  Dkt. 27.  The Court concluded that Plaintiff had failed to specifically address
7   the relevant factors regarding entry of default judgment as set forth in *Eitel v. McCool*, 782 F.2d
8   1470, 1471–72 (9th Cir. 1986).  *Id.* at 4.  The Court directed that in any renewed motion for
9   default judgment, Plaintiff also must provide additional evidence establishing that the individual
10  Defendants were served at the correct address by an authorized method of service and must
11  establish that the Court has personal jurisdiction over the Defendants and that venue in this
12  District is proper.  *Id.* at 3-4.
13        Now before the Court is Plaintiff's renewed motion for default judgment.  Dkt. 30.
14  Defendants have not appeared in this action or opposed the renewed motion for default judgment,
15  and briefing on that motion is now closed.  *See* Civ. L.R. 7-3(a).  This matter is suitable for
16  determination without oral argument.  Civ. L.R. Rule 7-1(b)
17        Although Plaintiff has consented to the jurisdiction of a magistrate judge (Dkt. 7), none of
18  the Defendants has appeared or consented.  Accordingly, the Court directs the Clerk of Court to
19  **REASSIGN** this case to a District Judge, with the following **REPORT AND**
20  **RECOMMENDATION** that Plaintiff's renewed motion for default judgment be **GRANTED IN**
21  **PART**.
22  **I.    LEGAL STANDARD**
23        After entry of default, a court may, in its discretion, enter default judgment.  *See* Fed. R.
24  Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Before entering default
25  judgment, the Court must assess the adequacy of the service of process on the party against whom
26  default is requested.  *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC,
27  2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013).  The Court must also determine whether it has
28  subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant.

United States District Court
Northern District of California

*Id.* at *3-4.

If these requirements are met, "[t]he district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making its determination a court should consider: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Upon default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)

## II. DISCUSSION

### A. Service and Jurisdiction

As discussed above, "[i]n deciding whether to grant or deny default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is requested because, if service were improper, that may well explain the failure of a defendant to appear in a lawsuit*." Folkmanis, Inc. v. Uptown Toys LLC*, No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018) (internal quotation marks and citation omitted).

Plaintiff's renewed motion for default judgment states that Defendant Prosper Builders was served through the California Secretary of State, as authorized by the Court. Dkt. 30 ¶ 3. The motion also states that Defendants Thai Truong and Quoc K. Truong were served via substitute service pursuant to Federal Rule of Civil Procedure 4(e)(2)(B). *Id.* ¶¶ 4-5. Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure permits service on an individual defendant by "leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Federal Rule of Civil Procedure 4(e)(2)(B), which permits substitute service, "does not contain a reasonable diligence requirement" requiring diligent attempts to serve a defendant personally before substitute service is made. *Trustlabs, Inc. v. An*, No. 21-cv-2505-CRB, 2021 WL 3129595, at *2 n.2 (N.D. Cal. July 23, 2021). The proofs of

service filed by Plaintiff state that the individual Defendants were served by substitute service and by mail. Dkt. 16, 17. The proofs of service state that copies of the summons and complaint were left with or in the presence of "Thuy Truong," who is identified as "sister/occupant," and also mailed to the following address: 8206 Split Rail Way, Sacramento, CA 95829. *Id.* Elsewhere in the record, Plaintiff identifies this as the home address of the individual Defendants, who are principals of Defendant Prosper Builders. Dkt. 14 ¶5. Accordingly, the Court concludes that service was proper.

Plaintiff has also satisfactorily addressed the Court's request in its order denying Plaintiff's original motion for default judgment that Plaintiff establish that the Court has personal jurisdiction over the Defendants and that venue in this District is proper. *See* Dkt. 30 ¶¶ 6-8.

### B.   *Eitel* Factors

Having concluded that the threshold requirements of service and jurisdiction are met, the Court next considers the *Eitel* factors and concludes that the majority of those factors weigh in favor of entering default judgment against Defendants. The Court first considers whether Plaintiff's claims against Defendants are adequately pled and sufficient to find liability on the facts alleged, which must be taken as true (second and third factors). Plaintiff seeks default judgment against all three Defendants, claiming that the individual Defendants (Thai Truong and Quoc K. Truong) are the operators/owners of Defendant Prosper Builders and that they supervised Plaintiff, and he further alleges that he was employed by the "Defendants." Dkt. 30 at PDF pp. 3 (¶ 8), 8 (¶¶ 2-4); *see also* Ex. 1 ¶¶ 9-10. Both the employing company and individuals acting directly or indirectly on behalf of the company may be liable under the Fair Labor Standards Act ("FLSA"). The FLSA applies to "employers," which the Act defines as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). The definition of "employer" is to be given "an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Lambert v. Ackerley,* 180 F.3d 997, 1011–12 (9th Cir.1999) (en banc) (internal citation omitted). An individual may be held liable under the FLSA where he exercises "control over the nature and structure of the employment relationship," or "economic control" over the relationship. *Id.* at 1012; *see also Boucher v. Shaw,* 572 F.3d 1087,

4

1091 (9th Cir. 2009). The Court finds that the allegations in the Complaint and in the renewed motion for default judgment are sufficient to establish that both individual defendants are "employers" under the FLSA and that they may be held liable for violating the minimum wage, overtime and record keeping provisions of the statute. *See Solis v. United Buffet, Inc.*, No. 11-cv-4194-RMW, 2012 WL 669687, at *3 (N.D. Cal. Feb. 29, 2012).

With respect to Plaintiff's claims for violation of the California Labor Code, Labor Code § 558.1 provides that an employer or "other person acting on behalf of an employer" who violates, or causes to be violated, certain California wage and hour laws (including violations for unpaid minimum wage, unpaid overtime, denied meal or rest breaks, untimely separation pay, and inadequate wage statements) "may be held liable as the employer for such violation." Cal. Lab. C. § 558.1(a); *see also Voris v. Lampert*, 7 Cal. 5th 1141, 1161-1162 (2019). Under section 558.1, the term "violates, or causes to be violated" creates liability where a natural person who is an owner, director, officer, or managing agent of the employer has personal involvement in covered violations when acting on an employer's behalf. *Usher v. White,* 64 Cal. App. 5th 883, 886 (2021). The statute defines "other person acting on behalf of an employer" as a "natural person who is an owner, director, officer, or managing agent" of the employer. Cal. Lab. C. § 558.1(a), (b). The Court finds that the allegations in the Complaint and in the renewed motion for default judgment are sufficient to establish that the company and both individual defendants are subject to liability for violating the provisions of the California Labor Code relied upon by Plaintiff.

Turning to the other *Eitel* factors, the Court concludes that declining to enter default judgment against the defaulted Defendants would prejudice Plaintiff (first factor) because Plaintiff has no other recourse against Defendants. Plaintiff asks the Court to award the not-insubstantial sum of $42,136.50 in unpaid overtime wages and related items, as well as $4,669.50 in attorney fees and costs pursuant to the FLSA and the California Labor Code. Dkt. 30 ¶¶ 12-13. Although entry of default judgment may not be appropriate where a large sum of money is at stake (fourth factor), here the damages sought are statutory and, as discussed below, the Court recommends awarding only a fraction of the amount requested. There is no indication that Defendants' failure to respond is due to excusable neglect, nor is there any indication of a dispute concerning material

1    facts (fifth and sixth factors).  Although public policy strongly favors decisions on the merits
2    (seventh factor), in light of Defendants' refusal to litigate, it does not appear that litigation of the
3    merits will be possible in this case.  Accordingly, the Court **RECOMMENDS GRANTING**
4    Plaintiff's motion for entry of default judgment and, as discussed in the following section,
5    **RECOMMENDS GRANTING IN PART** the relief requested by Plaintiff.

## III.     RELIEF TO BE AWARDED

### A.     Unpaid wages and other damages

The Complaint alleges that Plaintiff worked for Defendants as a driver and general laborer from approximately July 15, 2022 to September 15, 2022.  Dkt. 1 ¶¶ 12, 23.  Plaintiff allegedly worked approximately 10 hours per day, 7 days a week.  *Id.* ¶ 16; *see also id.* ¶ 25 ("Although schedules are subject to change, Plaintiff's general schedule with Defendants [r]equired Plaintiff to work 70 hours per week.").  According to the Complaint, "Plaintiff was paid his wages on a daily basis; he was paid $1,200[.]00 per week."  *Id.* ¶ 26.  Plaintiff calculates his rate of pay as $17.14 per hour, which appears to be the result of dividing $1,200.00 by 70 hours per week.  *See id.*

In the Complaint, Plaintiff alleges various violations of FLSA and the California Labor Code, including that Defendants failed to pay Plaintiff minimum wage, failed to pay overtime wages, failed to pay minimum wages for overtime hours, failed to pay waiting time penalties, failed to authorize and permit paid rest periods or pay rest period premiums, failed to issue accurate itemized wage statements.  Dkt. 1 ¶¶ 1-61, 71-85.  Plaintiff also alleges that Defendants engaged in unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.*  *Id.* ¶¶ 62-70.

A chart attached as Exhibit A to the Complaint contains a spreadsheet showing calculations for unpaid overtime in the amount of $2,056.80; unpaid breaks in the amount of $3,993.62; and unpaid wages in the amount of $11,866.54.  Dkt. 1-2.  In addition to this unpaid compensation, the Complaint also seeks liquidated damages, waiting time penalties, punitive damages, interest, attorney fees and costs, as well as declaratory relief.  *See* Dkt. 1 (Prayer for Relief).

The amounts sought in Plaintiff's renewed motion for default judgment largely correspond to the amounts claimed in Exhibit A the Complaint. *See* Dkt. 30 at PDF pp. 11-13. As in the Complaint, Plaintiff calculates unpaid overtime of $2,056.80 and unpaid breaks of $3,993.62. *Id.* One minor discrepancy is that the Complaint states that Plaintiff was paid $300 during the week of 9/4/2022 and was therefore owed $11,866.54 for unpaid wages (as opposed to the $12,186.54 claimed in the renewed motion for default judgment). *Compare* Dkt. 1-2 *with* Dkt. 30 at PDF p. 11. The renewed motion for default judgment also places a specific value on the following items that were referenced in the Complaint: (1) liquidated damages of $14,243.34 under FLSA; (2) $5,656.320 for waiting time penalties under the California Labor Code; and (3) $4,000 under the California Labor Act for wage statement violations. Dkt. 30 at PDF pp. 9, 11-13.

The record before the court was ambiguous as to what amount, if any, Defendants had actually paid Plaintiff. *Compare* Dkt. 1 (Complaint) ¶ 26 ("Plaintiff **was paid** his wages on a daily basis; he was paid $1,200,00 per week, or $17.14 per hour until the end of his employment.") (emphasis added); *with id.* ¶ 40 ("For all his work, Defendants had agreed to pay Plaintiff $1,200.00 per week [8 full weeks and two partial … weeks]. For the last 10 weeks of work, Defendants **in fact paid** $300 to Plaintiff for Plaintiff's work.") (emphasis added). Accordingly, the Court issued an order requiring Plaintiff to supplement his renewed motion for default judgment with a supplemental declaration and spreadsheet explaining the amount he was actually paid by Defendants. Dkt. 31. In response, Plaintiff submitted a document styled as "Plaintiff's Supplemental Declaration," but the document was made "by" Plaintiff's attorney, was not signed by Plaintiff, and was not made under penalty of perjury. Dkt. 32 (the "Supplemental Statement").

The Court now addresses each category of damages sought in Plaintiff's renewed motion for default judgment, as clarified in the Supplemental Statement.

### 1. Unpaid wages and overtime under FLSA and California Labor Code

Plaintiff's Complaint alleges violations of the FLSA and California Labor Code regarding the payment of minimum wages and overtime. *See* Dkt. 1. "To establish a minimum-wage or overtime violation of the FLSA, Plaintiff must establish three elements: (1) [he] was an employee of Defendants, (2) [he] was covered under the FLSA, and (3) Defendants failed to pay [him]

7

minimum wage or overtime wages." *Novoselac v. Nuzem*, No. 21-cv-08654-BLF, 2023 WL 3899011, at *4 (N.D. Cal. June 7, 2023) (citation omitted). Here, as discussed above, the Complaint alleges that Defendants employed Plaintiff, and these allegations are sufficient to establish the first element that Defendants are employers within the meaning of FLSA and the California Labor Code.

An individual is covered under FLSA as required in the second element if the individual works for an enterprise engaged in commerce. *Novoselac*, No. 21-cv-08654-BLF, 2023 WL 3899011, at *4. The Court finds the allegations of the Complaint regarding Prosper's business sufficient to establish that Plaintiff was covered under the FLSA. *See* Dkt. 1 ¶¶ 8-10.

On the third element of an FLSA claim, "the employee must show that in a given work week, the total amount paid divided by the hours worked falls below the minimum wage set by the statute." *Novoselac*, 2023 WL 3899011, at *5. Under FLSA, covered employers must comply with both state and federal law, and where federal and state law conflict, the employer must follow the law that provides employees with the most protection. *See* 29 U.S.C. § 218(a). Employees may not agree to waive entitlement to the minimum wage. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740-41 (1981). Defendants employed Plaintiff in California in 2022, when the federal minimum wage was $7.25 per hour and the California minimum wage was $14.00 per hour. *See* https://www.dol.gov/general/topic/wages/minimumwage; https://www.dir.ca.gov/dlse/FAQ_MinimumWage.htm. Under FLSA, the higher rate applies, and therefore Plaintiff was entitled to payment of the California minimum wage of $14.00 per hour. FLSA also requires payment of at least 1.5 times the regular rate for each hour worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1).

In the renewed motion for default judgment, Plaintiff seeks "unpaid wages" of $12,186.54 under FLSA. Dkt. 30 at PDF pp. 9 (¶¶ 6, 11(a)), 11. Plaintiff appears to calculate this amount as follows:

351 unpaid hours at regular rate of $17.14/hour = $6,016.14
<u>240 unpaid overtime hours at time-and-a-half rate of $25.71/hour = $6,170.40</u>
**Total unpaid wages = $12,186.54**

8

Plaintiff also seeks $2,056.80 for unpaid overtime under FLSA. Dkt. 30 at PDF p. pp. 9 (¶¶ 6, 11(a)), 11.

Plaintiff calculates the amount owed by using an hourly rate of $17.14, which appears to be based on the Parties' agreement that he would be paid $1,200.00 per week for an average of 70 hours of work. *See* Dkt. 1 ¶¶25-26; Dkt. 30 ¶ 2. However, Plaintiff is suing for failure to pay minimum wage, not for breach of contract. Moreover, "the penalty provisions of both the FLSA and the California Labor Code expressly measure the damages for unpaid minimum wage claims in terms of 'minimum wages' and not regular rate wages." *Ramirez v. Michael Cookson Construction, Inc.*, No. 1:22-CV-01623-SKO, 2023 WL 4743050, at *7 (E.D. Cal. July 25, 2023) (citing 29 U.S.C. § 216(b), Cal. Lab. C. § 1194). Accordingly, Plaintiff is entitled to payment of the California minimum wage of $14.00 for regular hours, and $21.00 for overtime hours.

Plaintiff's Supplemental Statement confirms that Plaintiff was paid the following amounts during his employment by Defendants:

| WORK WEEK | TOTAL HOURS WORKED | WAGES PAID |
|---|---|---|
| 7/17/2022 | 4 | $80.00 |
| 7/24/2022 | 70 | $1,200.00 |
| 7/31/2022 | 70 | $1,200.00 |
| 8/7/2022 | 70 | $1,200.00 |
| 8/14/2022 | 70 | $1,200.00 |
| 8/21/2022 | 70 | $1,200.00 |
| 8/28/2022 | 70 | $1,200.00 |
| 9/4/2022 | 70 | $1,200.00 |
| 9/11/2022 | 70 | $1,200.00 |
| 9/18/2022 | 27 | $500.00 |
| **TOTALS:** | 591 | $10,180.00 |

Dkt. 32-1; *see also* Dkt. 32 ¶ 1.

Although, as discussed above, the Supplemental Statement is not in the form of a declaration by Plaintiff under penalty of perjury, even accepting the unsworn statement of Plaintiff's attorney, Plaintiff has failed to establish that Defendants failed to pay him minimum wage or overtime wages. For his 70-hour work weeks, Plaintiff was owed the following:

40 regular hours x $14.00/hour = $560.00

30 overtime hours x $21.00/hour = $630.00

**Total = $1,190.00**

Plaintiff was paid $1,200.00 each week, which was just over the amount owed. Dkt. 32-1. Similarly, Plaintiff was paid more than minimum wage for each of the weeks in which he worked fewer hours. *Id.*

Accordingly, the evidence before the Court does not establish that Defendants failed to pay Plaintiff minimum wages or overtime wages, and the Court **RECOMMENDS DENIAL** of Plaintiff's request for an award of damages for failure to pay such wages.

### 2. Liquidated damages under FLSA

Plaintiff also seeks to recover liquidated damages under FLSA. Dkt. 30 at 2; and Ex. A *see also* Dkt. 1 at Prayer for Relief ¶¶ 3-4 (praying for liquidated damages in an amount equal to unpaid minimum and overtime wages). Liquidated damages equal to the amount of wages due must be awarded for FLSA violations, unless the employer proves that it acted in good faith and had reasonable grounds to believe its conduct did not violate the FLSA. 29 U.S.C. §§ 216(b), 260; *Local 246 Util. Workers Union of Amer. v. Southern Calif. Edison Co.*, 83 F.3d 292, 297-98 (9th Cir. 1996). Because Plaintiff has not demonstrated that he is entitled to lost minimum or overtime wages, he is not entitled to liquidated damages under FLSA. Accordingly, the Court **RECOMMENDS DENIAL** of Plaintiff's request for liquidated damages.

### 3. Rest and meal time penalties under California Labor Code

Plaintiff alleges that Defendants failed to provide meal and rest periods in violation of California Labor Code §§ 226.7 and 512 and applicable wage orders. Dkt. 1 ¶¶ 74-79; Dkt. 30 ¶ 8 and Ex. B. California law requires employers to provide employees a 30-minute meal break during any shift that lasts more than five hours, and a second 30-minute meal break during shifts

lasting more than 10 hours. Cal. Labor C. § 512(a); *see also* Wage Order No. 5–2001, codified at 8 Cal. Code Regs. § 11050 subd. 11 ("Wage Order"); *Garcia v. Central Coast Restaurants, Inc.*, No. 18-cv-02370-RS, 2022 WL 657972, at *2 (N.D. Cal. Mar. 4, 2022) (summarizing California meal and rest break laws). "[I]f the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee." Cal. Labor C. § 512(a). For work periods of more than 10 and not more than 12 hours, "the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived." *Id.*

The employee is also entitled to a 10–minute paid rest break for every four hours or major fraction thereof worked, but no rest break is required for employees whose total daily work time is less than 3.5 hours. Wage Order at subd. 12; *see also Garcia,* 2022 WL 657972, at *2.

If an employer fails to provide an employee a meal or rest period in accordance with state law, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest [] period is not provided." Cal. Lab. Code § 226.7(c); Wage Order at subds. 11(B), 12(B); *Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal. 5th 93, 105 (2022); *Ramirez.*, 2013 WL 2646648, at *1.

Employers are required to maintain accurate records of employee meal breaks. *See* Wage Order at subd. 7(A)(3). Employers are not required to maintain records of employee rest breaks. *Id.*

Plaintiff's renewed motion for default judgment asserts that he is owed for unpaid rest and meal breaks. Dkt. 30. The Court ordered Plaintiff to provide additional information about the number of work days on which rest and meal break violations occurred. Dkt. 31. The Supplemental Submission states that Plaintiff worked "10 or more hours" for 58.5 days during his period of employment with Defendants. Dkt. 32 ¶ 2. The Supplemental Submission states that Plaintiff received "no rest breaks" on those days. *Id.*

Pursuant to California Labor Code § 226.7, Plaintiff is owed one additional hour of pay at his regular rate of compensation for each workday that the meal or rest [] period is not provided. As explained in Section III.A.(1) above, Plaintiff has not shown a regular rate of compensation

1 different from the minimum wage.  Accordingly, Plaintiff is owed $14.00 for each of the 58.5

2 days for which he did not receive rest breaks, for a total of $819.00.  Accordingly, the Court

3 **RECOMMENDS** that the default judgment include $819.00 for unpaid rest breaks.  The

4 Supplemental Submission does not address whether Plaintiff received meal breaks, and therefore

5 the Court **RECOMMENDS** that the default judgment not include an award for unpaid meal

6 breaks.

### 4. Waiting Time Penalties under California Labor Code

If an employer "willfully" fails to pay wages when due to an employee who is discharged or quits, the employee's wages continue at the same rate until paid or until suit is filed, but not for more than 30 days.  Cal. Labor C. § 203.  Unpaid wages are due immediately upon discharge or within 72 hours after resignation.  *See* Cal. Lab. C. §§ 201-202.  This applies even to individuals hired for a specific short-term job or for a specific time duration.  *Smith v. Sup.Ct. (L'Oreal)*, 39 Cal. 4th 77, 90, 45 CR3d 394, 403 (2006).

As explained in Sections III.A.(1) and (3) above, Plaintiff has not shown that he is entitled to recover unpaid hourly or overtime pay but he has established rest break violations.  Premium pay for violating the Labor Code's rest break provisions constitutes "wages" for purposes of waiting time penalties.  *Naranjo v. Spectrum Security Servs., Inc.*, 13 Cal. 5th 93, 110 (2022).

Accordingly, the Court **RECOMMENDS** an award of the premium pay of $14.00 per day for missed rest breaks for a period of 30 days following the end of Plaintiff's employment, for a total award of $420.00 in waiting time penalties.

### 5. Wage Statement Violations under California Labor Code

The California Labor Code requires that when wages are paid, the employer must provide a pay stub containing information including the dates for which the employee is being paid, the gross and net wages earned, the applicable hourly rate and total hours worked, and all deductions. Cal. Lab. C. § 226(a).  If the employer's violation of these wage statement requirements is "knowing and intentional," the employee is entitled to recover the greater of all actual damages or $50.00 for the initial pay period in which a violation occurs and $100.00 per employee for each violation in a subsequent pay period, not exceeding an "aggregate penalty" of $4,000.00, along

1    with costs and reasonable attorney fees.  Cal. Lab. C. § 226(e)(1).

2        Plaintiff claims that he never received wage statements from Defendants.  Dkt. 30 ¶ 10;
3    Dkt. 32 ¶ 3.  Plaintiff has provided evidence that Defendants paid him 10 times.  Dkt. 32-1.  The
4    Court **RECOMMENDS** that the default judgment include $50.00 for the initial pay period and
5    $100.00 for each of the nine subsequent pay periods, for a total of $950.00 for wage statement
6    violations.

### B.  Attorney fees and costs

8        Plaintiff's renewed motion for default judgment requests an award of reasonable attorney
9    fees and costs in an amount to be determined.  Dkt. 30 at 2.  Plaintiff's Complaint cites 29 U.S.C.
10   § 216(b) as well as "Labor Code §1194(a), Cal. Code Civ. Proc. § 1021.5, and other laws" in
11   support of his prayer for reasonable attorney fees and costs of suit.  Dkt. 30 at Prayer for Relief ¶
12   9.

13       The FLSA provides that in addition to any judgment, an employee is entitled to reasonable
14   attorney fees and costs of the action.  29 U.S.C. § 216(b).  For the reasons discussed in Section
15   III.A.(1) above, the Court has recommended denial of Plaintiff's claims under the FLSA for
16   unpaid minimum and overtime wages.  If the District Judge adopts that recommendation, Plaintiff
17   would not be entitled to attorney fees under the FLSA.

18       The California Labor Code provides for an award of attorney fees and costs to the
19   prevailing party in an action for nonpayment of wages.  *See* Cal. Lab. Code § 1194(a) ("[A]ny
20   employee receiving less than the legal minimum wage or the legal overtime compensation
21   applicable to the employee is entitled to recover in a civil action the unpaid balance of the full
22   amount of this minimum wage or overtime compensation, including interest thereon, reasonable
23   attorney's fees, and costs of suit.").  The other California statute specifically cited in the
24   Complaint, California Code of Civil Procedure § 1021.5, provides for an award of attorney fees
25   under certain circumstances to the successful party in an action which has resulted in "the
26   enforcement of an important right affecting the public interest."

27       For the reasons discussed in Section III.A.(1) above, the Court has recommended denial of
28   Plaintiff's claims under the California Labor Code for unpaid minimum and overtime wages.

However, as discussed in Section III.A.(3), (4), and (5) above, the Court has recommended an award to Plaintiff for rest break violations, waiting time penalties, and failure to issue accurate itemized wage statements. Such claims are "claims for nonpayment of wages" that may entitle a prevailing plaintiff to an award of attorney fees under California Labor Code § 218.5. *Betancourt v. OS Rest. Servs., LLC*, 83 Cal. App. 5th 132, 140 (2022). Here, however, Plaintiff's Complaint does not expressly cite Section 218.5 in connection with his claim for attorney fees and costs. Complaint at p. 12. He instead cites Labor Code § 1194(a), which concerns actions to recover minimum wage and overtime compensation.

The Court **RECOMMENDS** that if the District Judge adopts the foregoing recommendations, Plaintiff be ordered to submit further briefing and evidence regarding his eligibility to recover attorney fees and costs in connection with the items awarded and on the amount of fees and costs claimed. The District Judge may refer this issue to the undersigned as he or she deems appropriate.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that judgment be entered in favor of Plaintiff and against Defendants. The Court further **RECOMMENDS** that Plaintiff be awarded the following damages jointly severally against Defendants:

1. a total of $819.00 for unpaid rest breaks;
2. a total of $420.00 for waiting time penalties;
3. a total of $950.00 for wage statement violations; and
4. attorney fees and costs in an amount to be determined if Plaintiff is found eligible to recover such costs.

The Court **RECOMMENDS** denial of Plaintiff's claims for unpaid minimum wages, unpaid overtime wages, and liquidated damages.

Any party may file objections to this report and recommendation with the District Judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

////

////

1  Civ. L.R. 72-3.  Failure to file an objection may waive the right to review of the issue in the
2  district court.
3    **SO ORDERED.**
4  Dated: January 3, 2024

*[signature]*

SUSAN VAN KEULEN
United States Magistrate Judge